UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMES RUDD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-44-ART |
| | ) | |
| v. | ) | |
| | ) | |
| KERRY BAILEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 8, 2008, James Rudd filed this action against Kerry Bailey and Christopher Don Bailey [R.1]. The Complaint alleges that the Court has diversity jurisdiction over this matter. *Id.* at ¶ 5. The Complaint also alleges that Plaintiff is a resident of Alabama, Defendant Kerry Bailey is a resident of Florida, and Defendant Christopher Don Bailey is a resident of Kentucky. *Id.* at ¶¶ 1–3. Defendants have filed a motion to dismiss [R. 3]. Among other grounds, Defendants assert that the amount in controversy requirement of § 1332(a) is not satisfied. *Id.* at p. 5–7. Defendants do not raise the issue of the parties' citizenship. However, a federal court must raise subject matter jurisdiction *sua sponte* because a federal court lacks authority to hear a case without it. *Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 423 n.5 (6th Cir. 2007) ("Although neither party raised the issue in their brief, we have an independent obligation to determine subject matter jurisdiction.").

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship, and allegations of residency are insufficient to establish citizenship for purposes of diversity

jurisdiction. *See, e.g., Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, No. 02-5452, 2002 WL 31096268, at *1 (6th Cir. Sept. 18, 2002) (unpublished) ("To establish the 'citizenship' required for diversity jurisdiction, Deasy must show more than mere Tennessee residence. He must show that Tennessee is his domicile."); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship."). Plaintiff's Complaint thus fails to invoke properly this Court's diversity jurisdiction because it alleges only the parties' residences.

Plaintiff may be able to amend his Complaint to remedy this deficiency pursuant to 28 U.S.C. § 1653, which provides, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Generally, amendments pursuant to § 1653 are encouraged. *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) ("Amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting § 1653–to avoid dismissals on technical grounds."). However, diversity jurisdiction must actually be present for the Court to allow the amendment. *Campbell v. Equitable Life Assurance Soc'y*, No. 94-5126, 1995 WL 478716, at *3 (6th Cir. Aug. 10, 1995) (unpublished) ("This court has allowed defendants to cure defective allegations regarding diversity jurisdiction in their removal petition 'where such jurisdiction did in fact exist [and] after the time for removal had expired.'") (alteration in original) (quoting *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993)). As such, "§ 1653, while permitting amendments to cure defective allegations of jurisdiction, does not permit amendments to remedy actual jurisdictional defects . .

. ." *Jackson v. Heh*, No. 98-4420, 2000 WL 761807, at *8 (6th Cir. June 2, 2000) (unpublished). On the current record in this matter, the Court cannot determine whether complete diversity exists between the parties. For obvious reasons and to preserve the parties' resources, the questions surrounding this Court's jurisdiction should be determined at this stage.

Accordingly, it is hereby **ORDERED** that within twenty (20) days of this Order Plaintiff shall **SHOW CAUSE** why this matter should not be dismissed for lack of subject matter jurisdiction. In the event Plaintiff seeks to prevent this matter from being dismissed, he shall provide information in his response that will allow the Court to determine whether complete diversity of citizenship exists. Such information may be provided in an affidavit of counsel. Plaintiff also shall file an Amended Complaint incorporating proper allegations of citizenship.

This the 15th day of April, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge