UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JAMES RUDD, | ) |
| Plaintiff, | ) Civil Action No. 08-44-ART |
| v. | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| CHRISTOPHER DON BAILEY, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

### BACKGROUND

On November 14, 2005, in Magoffin Circuit Court Defendant Christopher Don Bailey filed suit against James Rudd among others over the ownership of mineral rights. Defendant Bailey was a meteorologist and weatherman for WKYT, a CBS network-affiliate in Lexington, Kentucky, and during the course of the litigation Rudd sent an email to Defendant Bailey's boss at WKYT that said:"I just heard about your weatherman in a yahoo chatroom! what a sleazeball!!! taking advantage of elderly people. And your station isn't any better for condoning it .. I hope you all burn in hell!!!" R. 17, Exh. 7 (e-mail). Bailey then amended his complaint against Rudd to include a claim for defamation based on the contents of the email. *See* R. 17, Exh. 1 (amended state court complaint).

On February 28, 2006, Rudd filed a motion to dismiss for failure to state a claim upon which relief could be granted. *See* R. 17, Exh. 2. The court considered the merits and denied that motion on April 11, 2006. R. 17, Exh. 3. Over a year later, Bailey's attorney filed a motion to withdraw based on a conflict of interest. R. 17, Exh. 4. The court permitted Bailey 30 days to

retain new counsel, and at the end of the 30 days, granted a motion to dismiss on the basis that Bailey had failed to retain counsel as directed. *See* R. 17, Exh. 6 (order).

On March 8, 2008, Rudd initiated this action against Bailey for alleged libel, slander, intentional infliction of emotional distress, abuse of process, and malicious prosecution arising from the Magoffin Circuit Court property dispute and defamation claim. *See* R. 1. Following a Motion to Dismiss by the Defendants, R. 3, the Court dismissed all claims except the malicious prosecution claim and dismissed all claims against Kerry Bailey. *See* R. 10.

The only remaining Defendant, Christopher Don Bailey, has now filed a Motion for Summary Judgment on the malicious prosecution claim. R. 17. Rudd has not responded, and the time within the Local Rules for filing a responsive pleading has now passed, *see* LR 7.1(c). The Court in its Scheduling Order in this case specifically warned the Plaintiff that a failure to respond would be deemed a waiver and/or admission of the contents of any motion. R. 14. The Sixth Circuit has indicated that "if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, No. 88-6095, 1989 U.S. App. Lexis 9653, at *4 (6th Cir. July 3, 1989);[1] *see Humphrey v. U.S. Attorney Gen. Office*, 279 Fed App'x 328 (6th Cir. 2008). Here, despite the Court's warning, Plaintiff has failed to respond to Defendant's Motion, R. 17, and accordingly the Court deems its contents to be waived/admitted. *See* R. 14; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976); *Humphrey*, 279 Fed App'x 328.

## LEGAL STANDARD

Even though Plaintiff has not responded to Defendant's Motion, R. 17, summary judgment

---

[1] Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," FED. R. CIV. PRO. 56. When evaluating a motion for summary judgment, the Court must draw all inferences and view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the burden shifts and the opposing party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Because Plaintiff has not responded to Defendant's motion, if Defendant meets his burden, summary judgment must be granted in his favor. He has met his burden here.

#### DISCUSSION

Kentucky law requires a plaintiff to prove six elements to succeed on a claim for malicious prosecution: "(1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff [in the initial matter], (3) the termination of such proceedings in [favor of the initial defendant], (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding." *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (citing *Smith v. Smith*, 178 S.W.2d 613 (Ky. 1944), *Cravens v. Long, Ky.*, 257 S.W.2d 548 (Ky. 1953), *Blankenship v. Staton, Ky.*, 348 S.W.2d 925 (Ky. 1961), and *H.S. Leyman Co. v. Short*, 283 S.W. 96 (Ky. 1926)); *see McCollum v. Garrett*, 880 S.W.2d 530, 531 n.1 (Ky. 1994) (indicating that the elements of a civil action for malicious prosecution are found in Raine).

Element three, favorable termination, requires more than just that the party prevailed in the underlying action. *See Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 605 (Ct. App. Ky. 2006). Specifically, "dismissal of a suit for technical or procedural reasons that do not reflect on the merits of the case is not a favorable termination of the action." *Id.* (quotations omitted); *see Alcorn v. Gordon*, 762 S.W.2d 809, 812 (Ky. 1988) (indicated that the dismissal of a suit for technical or procedural reasons is not a favorable termination of the action). Thus for this element to be satisfied the party must have successfully prevailed on the merits in the underlying litigation. *See id.* Because Bailey has submitted evidence that Rudd did not prevail on the merits in the underlying action and because Rudd has not responded, summary judgment must be granted on this claim.

The judge in the Magoffin Circuit Court had the opportunity to rule on the merits of Bailey's

4

defamation claim. When Rudd filed a motion to dismiss in the state court action, the court denied the motion, ruling in favor of Bailey on the merits of the motion. R. 17, Exh. 3. This clearly cannot constitute a favorable termination. Later, the court did dismiss Bailey's claims, but only because Bailey failed to obtain new counsel within 30 days. R. 17, Exh. 7. Bailey's failure to obtain new counsel was a technical or procedural ground for dismissal. Since termination on technical grounds does not constitute favorable termination in satisfaction of element three of a malicious prosecution claim, Rudd cannot make out his prima facie case and accordingly no reasonable jury could find for him at trial.

### Conclusion

Accordingly, it is **ORDERED** as follows:

1) The Hearing previously set for April 20, 2009, is **VACATED**;

2) Defendant's Motion for Summary Judgment, R. 17, is **GRANTED**;

3) Pursuant to Federal Rule of Civil Procedure 56, summary judgment is **GRANTED** in favor of Defendant;

4) Any pending motions are **DENIED AS MOOT** and any scheduled hearings or trials are **VACATED**;

5) Judgment shall be entered contemporaneously with this Memorandum Opinion & Order in favor of Defendant.

This the 17th day of March, 2009.



Signed By:
*Amul R. Thapar* AT
**United States District Judge**